## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. _CR-24-358-G_____ |
| | ) | |
| CURTIS SHANE KESSLER | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In accordance with the Due Process Protections Act,[1] counsel are reminded of the

disclosure obligations of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and

its progeny. In particular, "the suppression by the prosecution of evidence favorable to an

accused upon request violates due process where the evidence is material either to guilt or

to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373

U.S. at 87. "[E]vidence is 'material' within the meaning of *Brady* when there is a

reasonable probability that, had the evidence been disclosed, the result of the proceeding

would have been different." *Cone v. Bell*, 556 U.S. 449, 469–470 (2009). A "reasonable

probability" does not mean that the defendant "would more likely than not have received

a different verdict with the evidence," only that the likelihood of a different result is great

---

[1] The Due Process Protections Act, PL 116-182, [S 1380], effective October 21, 2020, requires that the parties be informed regarding an amendment to Federal Rule of Criminal Procedure 5. By this legislation, subsection (f) of the Rule has been redesignated as subsection (g), with new subsection (f) hereinafter designated as "REMINDER OF PROSECUTORIAL OBLIGATION." The amendment serves to remind prosecutors of their obligations to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

enough to "undermine[ ] confidence in the outcome of the trial." *Smith v. Cain*, 565 U.S. 73, 75 (2012).

Possible consequences for a violation of this Order may include, but are not limited to, exclusion of evidence at trial, a finding of contempt, granting of a continuance, and dismissal of the charges with prejudice.

IT IS SO ORDERED this 30th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge